1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7    RIPPLE SERVICES, INC.,                        Case No.  23-cv-06215-LJC

8                          Plaintiff,

9                  v.                               **ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF COMPLAINT**

10   BETUR INC.,

11                          Defendant.              Re: ECF No. 2

12

13         Plaintiff Ripple Services, Inc. (Ripple) brings this action against Defendant Betur Inc. (dba

14   Coins.ph) (Coins) for breach of contract in connection with a written settlement agreement the

15   parties entered into in May 2023 (the Settlement Agreement).  See ECF No. 1 (Compl.) ¶ 1.  The

16   Settlement Agreement was the result of a dispute regarding fees that Coins was charging under

17   another contract, the Exchange Integration Agreement, entered by the parties in 2018.  Id. ¶¶ 9–10.

18   Ripple now brings this Administrative Motion to File Under Seal Portions of its Complaint

19   (Motion to Seal) pursuant to Local Rule 79-5.  ECF No. 2.  Ripple wants to seal information about

20   the terms of the Settlement Agreement, including the schedule for payment installments and

21   payment amounts that Coins agreed to make to Ripple.  Ripple argues that the Settlement

22   Agreement is confidential, and that public disclosure of information about the Settlement

23   Agreement "would harm Ripple's competitive standing and its ability to negotiate future

24   agreements."  Id. at 3.  Coins has not yet appeared in this matter, and there is no opposition to the

25   Motion to Seal.

26         Two standards govern motions to seal portions of court documents: a "compelling reasons"

27   standard, which applies to dispositive pleadings, and a "good cause" standard, which applies to

28   non-dispositive pleadings. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th

United States District Court
Northern District of California

1   Cir. 2006).  Court documents that are technically non-dispositive may still require the party to

2   meet the "compelling reasons" standard when they are more than tangentially related to the merits

3   of the case.  See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016).

4       "Because the complaint is more than tangentially related to the merits of the case, the

5   compelling reasons standard governs the sealing request."  Sjostrom v. Kraatz, No. 16-CV-01381-

6   DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016); In re NVIDIA Corp. Derivative Litig.,

7   No. 06–cv–06110–SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint

8   is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation,

9   the basis by which a suit arises and must be disposed of.")  Compelling reasons generally exist

10   "when such 'court files might have become a vehicle for improper purposes,' such as the use of

11   records to gratify private spite, promote public scandal, circulate libelous statements, or release

12   trade secrets," Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S.

13   589, 598 (1978)), or where court files may serve "as sources of business information that might

14   harm a litigant's competitive standing."  Nixon, 435 U.S at 598–99.

15       As an initial matter, Ripple claims that the Settlement Agreement is confidential, but does

16   not indicate whether it contains a provision on confidentiality, nor does Ripple provide a copy of

17   the Settlement Agreement for the Court to assess whether the parties' intent was for it to be

18   confidential.  But courts in the Ninth Circuit have generally accepted private confidentiality

19   agreements as "good cause" justification for sealing non-dispositive pleadings and ancillary

20   documents.  See, e.g., Skokomish Indian Tribe v. Goldmark, No. C13-5071JLR, 2013 WL

21   6086075, at *2 (W.D. Wash. Nov. 19, 2013).  "[T]he mere fact that the parties' settlement

22   agreement may contain a confidentiality provision, without more, does not constitute a compelling

23   reason to seal the information."  Helix Env't Plan., Inc. v. Helix Env't & Strategic Sols., No.

24   318CV02000AJBAHG, 2021 WL 120829, at *1 (S.D. Cal. Jan. 13, 2021); see also Select

25   Portfolio Servicing v. Valentino, No. C 12–0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29,

26   2013) ("That [the parties] agreed among themselves to keep the settlement details private, without

27   more, is no reason to shield the information from…the public at large.").

28       Ripple cites to case law finding compelling reasons to seal confidential business

United States District Court
Northern District of California

1  information contained within certain contracts and agreements between business entities.  ECF

2  No. 2 at 2.  But those cases are inapposite.  Some of them were sealing trade secret information.

3  See, e.g., In re Google Inc. Gmail Litig., No. 13-MD-02430-LHK, 2014 WL 10537440, at *5

4  (N.D. Cal. Aug. 6, 2014); Skillz Platform Inc. v. AviaGames Inc., No. 21-CV-02436-BLF, 2023

5  WL 7678649, at *2 (N.D. Cal. Nov. 13, 2023).  The information that Ripple seeks to keep under

6  seal here does not appear to be trade secret information.  Nor does the information relate to the

7  production of a good, provision of a service, or any other aspect of Ripple's business operations.

8  See Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc., No. 17CV205-MMA (MDD), 2020 WL

9  1911502, at *3 (S.D. Cal. Apr. 20, 2020) (finding compelling reasons to seal information which

10  reflected "terms upon which AMN is willing to do business with its associate vendors and other

11  competitively sensitive business information, such as pricing and fill requirements") (internal

12  quotation marks and citation omitted); In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008)

13  (sealing "terms, royalty rates, and guaranteed minimum payment terms" found in a licensing

14  agreement).

15      A declaration from Ripple's attorney, David M. Grable, in support of the Motion to Seal

16  (Grable Declaration) expresses concern that public disclosure of information about the Settlement

17  Agreement "would harm Ripple's competitive standing and its ability to negotiate future

18  agreements by giving competitors access to Ripple's highly confidential business thinking and

19  asymmetrical information about Ripple's negotiating strategies to other entities."  ECF No. 2-1 at

20  2.  It is possible that a competitor may utilize the information that Ripple seeks to seal to its

21  advantage.  However, that information relates to how Ripple resolves contract disputes in the

22  context of settling a lawsuit or potential lawsuit, which is similar to information that is commonly

23  publicly available on federal court dockets across the nation, not information that concerns how

24  Ripple operates its business.

25      As such, the Court **DENIES** Ripple's Motion to Seal without prejudice.  Ripple may

26  renew its motion, addressing the deficiencies noted above, within fourteen days of the date of this

27  Order.  The unredacted version of the Complaint currently on the docket, Exhibit A to the Grable

28  Declaration (ECF No. 2-3), shall remain temporarily sealed until a determination on any renewed

motion is reached.  If Ripple declines to renew the motion, then by the deadline specified above, it must file a public version of the Complaint on the docket.

**IT IS SO ORDERED.**

Dated: February 1, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4